**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 19-1998

CATHERINE GARLAND-GONZALEZ; MIGUEL VICENS-RODRIGUEZ,

Plaintiffs, Appellants,

v.

UNIVERSAL GROUP, INC.; UNIVERSAL FINANCE, INC.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Lipez, Howard, and Thompson,
Circuit Judges.

Juan R. Dávila-Díaz on brief for appellants.

Juan J. Casillas-Ayala, Israel Fernández-Rodríguez, and Casillas Santiago Torres LLC on brief for appellees.

July 1, 2024

**PER CURIAM.** Catherine Garland-Gonzalez's employment was terminated by her employer, Universal Group, Inc., and Universal Finance, Inc., after she took what she alleges was protected leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-2654, in order to care for her husband, Miguel Vicens-Rodriguez. Garland and Vicens then brought this action against her employer, asserting in part that the employer interfered with and retaliated against the exercise of Garland's FMLA rights.[1] In a brief docket entry, the district court granted the employer's motion for summary judgment "for the reasons provided therein, as well as in their . . . Reply to Plaintiff's . . . Opposition." Garland and Vicens now challenge that ruling.

We review a district court's grant of summary judgment de novo. See Alston v. Town of Brookline, 997 F.3d 23, 35 (1st Cir. 2021). We assess the record ourselves in the light most favorable to the non-movants and draw all reasonable inferences in their favor. See id. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

After thoroughly reviewing the record and the parties' submissions, we conclude that the couple's appeal must fail. To

---

[1] Garland and Vicens also asserted various claims under Puerto Rico law which they do not renew before us.

make out a leave-based FMLA claim, an employee must show that she notified her employer of her need for leave "as soon as practicable under the facts and circumstances of the particular case." 29 C.F.R. § 825.303(a). Accordingly, although the employee need not have explicitly invoked the FMLA, she must have at least "state[d] that leave [was] needed." Browning v. Liberty Mut. Ins. Co., 178 F.3d 1043, 1049 (8th Cir. 1999) (citing 29 C.F.R. § 825.303). Garland does not meet this threshold requirement.

On the day before her putative leave, Garland sent an email to her supervisor, titled "Remote work from Florida," which spelled out various work-related tasks that she would be completing from Florida. The record also indisputably shows that Garland received her regular salary throughout the putative leave and that she did not use any of her accrued sick leave or otherwise take time off. In essence, then, Garland admits to requesting and receiving a remote work arrangement. Yet such a request does not implicate her FMLA rights. See Taylor-Novotny v. Health All. Med. Plans, Inc., 772 F.3d 478, 498 (7th Cir. 2014) (explaining that a "request for [a remote work] arrangement . . . was not a request under the FMLA, which requires employers only to provide up to twelve weeks of unpaid leave").

Garland maintains that there is a genuine issue as to whether she requested leave, pointing to the following statement that she claims she made to her supervisor:

> [L]ook, I'm having this situation with Miguel, he is crying, he can't control himself, he doesn't want to be alone, he is always worried because I come home at night, because there are no lights and all of that anxiety is making him freak out even more since I began to work. He asks me to get him out of here so that I will take care of him.

To this, her supervisor replied, "if you need to go, go, I have no problem with you, you know that I have never had any problems with you." This exchange, however, is wholly consistent with Garland's request for remote work. Read alone, the exchange merely demonstrates that the employer was willing to accommodate Garland's need to care for her husband. And read alongside the "Remote work from Florida" email, the exchange reaffirms that Garland requested to work remotely to provide such care. No reasonable jury could plausibly infer that Garland requested leave, especially after considering Garland's own testimony that she formally requested FMLA leave on two prior, unrelated, occasions.

Thus, the couple's case raises no material dispute of fact, and the district court did not err in granting summary judgment to Garland's employer.

**Affirmed**.

- 4 -